**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| IN RE: | |
| NATIONAL LABOR RELATIONS BOARD, | 2:08-CV-00346-PMP |
| IN RE: | **ORDER** |
| ADVANCED ARCHITECTURAL METALS, INC., *et al.*, | |
| IN RE: | |
| STEEL SPECIALITIES UNLIMITED, INC. | |

Before the Court for consideration is the National Labor Relations Board's Motion for Order Directing United States Marshals Service to Dispose of Contents of Safe Deposit Boxes, and to Remit the Proceeds to the Board (Doc. #79). Essentially, two forms of relief are sought by the instant motion. First, NLRB seeks the release of $23,931.53 presently held in escrow for distribution consistent with the NLRB's practice and procedures. This portion of the relief requested by NRLB's motion has already been granted by the Court's Order (Doc. #87) entered July 31, 2012.

Remaining before the Court is the additional relief requested by NLRB that the contents of three safe deposit boxes Nos. 900030309, 900030310, and 900030311, previously seized by the United States Marshals Service pursuant to Order of this Court (Doc. #74), be sold under the supervision of the United States Marshals Service with the

proceeds up to $1,700,000.00 to be remitted to the National Labor Relations Board.

On July 16, 2012, Lori Irish, individually, filed an Objection to Proposed Order and Request for Extension of Time to Prove Ownership of Articles in Safe Deposit Boxes (Doc. #82).  Ms. Irish is the former owner of Advanced Architectural Metals, Inc., Advanced Metals, Inc., and Steel Specialties Unlimited, Inc., and at the time of her motion was serving the remainder of a criminal prison sentence but was soon to be released from custody.  As a result on July 31, 2012, the Court entered an Order (Doc. #84) granting Ms. Irish until October 15, 2012 within which to respond to NRLB's Motion to Dispose of Contents of Safe Deposit Boxes and to Remit Proceeds to the Board (#79)

On October 15, 2012, Lori Irish filed a document titled Motion to Declare Colby Trust as Owner of Items in Safety Deposit Boxes (Doc. #92).  Essentially, Ms. Irish's Motion states that as she and her various companies maintained five separate bank accounts as Community Bank of Nevada, she was provided free safe deposit boxes into which she placed property belonging to her minor son and held in trust on his behalf and that they were placed in the safe deposit boxes in 2000 and 2006.  As a result, Lori Irish objects to the sale and remission of proceeds to the National Labor Relations Board.

On December 3, 2012, this Court entered an Order (Doc. #95) directing that National Labor Relations Board and Lori Irish contact the office of the Untied States Marshal and obtain and inventory report of the items contained in each of the three safe deposit boxes and to file the same with the Court.  On February 6, 2013, the National Labor Relations Board filed the Notice of Filing Safekeeping Inventory (Doc. #104) consisting of 211 pages and which enumerates the entire contents of the three safe deposit boxes in question.

In the interim, on December 12, 2012, National Labor Relations Board filed a Motion for an Order Adjudicating Lori Irish in Civil Contempt (Doc. #96).  NLRB's Motion for Civil Contempt is predicated upon the failure of Interested Party Lori Irish to

respond to discovery requests designed to enable the NLRB to determine the veracity of her claims as an Interested Party, that property contained within the three safe deposit boxes is in fact property held in trust for her son, Colby Irish.

On December 19, 2012, Interested Party Lori Irish filed a Motion to Hold National Labor Relations Board in Civil Contempt (Doc. #99), indicating that although she is "happy to provide any documentation about the safe deposit boxes" because her contact with representatives with NLRB is limited by criminal court order, she has been unable to do so.

With this Order, the Court will attempt to resolve the foregoing Motions, and provide direction to the Parties as to how they must proceed to resolve all issues pertaining to the contents of the three safe deposit boxes in question.

First, **IT IS ORDERED** that Interested Party Lori Irish's Motion to Hold National Labor Relations Board in Civil Contempt (Doc. #99) is DENIED.

Second, Interested Party Lori Irish's Motion to Declare Colby Trust as Owner of Items in Safe Deposit Boxes (Doc. #92) is DENIED.

Third, National Labor Relations Board's Motion for Order Directing U. S. Marshals Service to Dispose of Contents of Safe Deposit Boxes and to Remit the Proceeds to the Board (Doc. #79) is GRANTED to the following extent and in accord with the following process:

    1.    Within thirty (30) days of the date of this Order, Interested Party Lori Irish shall fully comply with Rule 45 of the Federal Rules of Civil Procedure and shall produce all documents in her possession, custody, and or control requested by the NLRB's Subpoena dated October 23, 2012 and attached hereto as Exhibit A.

    2.    Interested Party Lori Irish shall appear for deposition at the Office of the United States Attorney for the District of Nevada located at 333 Las Vegas

Boulevard South, Suite 5000, Las Vegas, Nevada 89101, on the date and time to be set by the NLRB which deposition shall take place within sixty (60) days of the date of this Order and which further shall provide Interested Party Lori Irish seven (7) days written notice.

3. This Order overrides any other order by any Court which would bar Interested Party Lori Irish from having personal contact with representative of NLRB in so far as necessary to allow Interested Party Lori Irish to comply with the requirements ordered above.

Following completion of the limited discovery provided above, National Labor Relations Board shall have to and including **June 10, 2013** within which to renew its Motion for Order Directing U.S. Marshals Service to Dispose of Contents of Safe Deposit Boxes and to Remit Proceeds to the Board.

**IT IS FURTHER ORDERED** that pending compliance with this Order by Interested Party Lori Irish, NLRB's Motion for Order Adjudicating Lori Irish in Civil Contempt (Doc. #96) is DENIED without prejudice.

DATED: March 11, 2013

_____
PHILIP M. PRO
United States District Judge

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### District of Nevada

NATIONAL LABOR RELATIONS BOARD  
V.  
ADVANCED ARCHITECTURAL METALS, INC., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 2:08-ms-00346

TO: LORI IRISH

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 333 LAS VEGAS BLVD. SOUTH, SUITE 5000 LAS VEGAS, NEVADA 89101 | 11/28/2012 2:00 pm |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**SEE ATTACHMENT**

| PLACE | DATE AND TIME |
|---|---|
| NLRB, Region 28, 600 LAS VEGAS BOULEVARD SOUTH SUITE 400, LAS VEGAS, NEVADA 89101 | 11/13/2012 3:00 pm |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] SUPERVISORY ATTORNEY, NLRB, APPLICANT | 10/23/2012 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER  
BARBARA O'NILL, NLRB, CONTEMPT LITIGATION AND COMPLIANCE BRANCH  
1099 14TH STREET, NW, SUITE 10700, WASHINGTON, DC 20005 (202) 273-2958

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT A

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____         _____
                        DATE                                                    SIGNATURE OF SERVER

                                                                                 _____
                                                                                 ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT TO SUBPOENA

You are commanded pursuant to Rule 45 of the Federal Rules of Civil Procedure to provide the below documents at the address and date specified in the subpoena.

1. The original or a true copy of the Colby Trust document(s).

2. Documents reflecting any and all amendments made to the Colby Trust document(s).

3. Documents reflecting and/or memorializing the resignation of any trustee from the Colby Trust.

4. Documents reflecting and/or memorializing the appointment of any trustee of the Colby Trust.

5. Documents reflecting the name(s) and address(es) of each and every beneficiary of the Colby Trust.

6. Any and all compilation(s) or list(s) of assets owned by the Colby Trust prepared by and/or on behalf of the Colby Trust.

7. Any and all documents showing any ownership interest of the Colby Trust in any property, real or personal, including documents showing the extent of that interest, its value, and whether said interest was recorded and/or registered.

8. Documents reflecting all financial accounts, including but not limited to checking and/or savings accounts, maintained by or on behalf of the Colby Trust.

9. Documents reflecting and/or describing each and every transfer to and/or from the Colby Trust, of any money and/or other assets, whether real or personal, during the period January 1, 2000 through the present. Include documents reflecting and/or describing the date of each transfer, the value of the asset transferred, the name and address of the transferee, the name and address of the transferor and the amount of money and/or asset received in return for such transfer.

10. Documents reflecting any communications between you and any other individual, organization and/or bank, concerning the Colby Trust and its ownership of any of its assets.

11. Documents reflecting any communications between Community Bank of Nevada and any other individual and/or organization, concerning the safe

deposit boxes containing the jewelry, coin collection, and/or any other assets at issue in the Motion to Declare Colby Trust as Owner of Items in Safety Deposit Boxes, a copy of which is attached hereto as Exhibit A.

[AAM attachment to subpoena re Colby trust lori irish]

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

NATIONAL LABOR RELATIONS BOARD

VS.                                             2:08-CV-00346 PMP

ADVANCED ARCHITECTURAL METALS INC.

## MOTION TO DECLARE COLBY TRUST AS

## OWNER OF ITEMS IN SAFETY DEPOSIT BOX

I wish to object to the fact that the material in the safety deposit box has been seized and held without first ownership being established. I was given a free safety deposit box because of the numerous different accounts that I had there. The safety deposit box was given to me free by the bank because of the business I did with the bank. I had at least 5 different bank accounts there, Advanced Architectural Metals, Colby Gormley Irish Irrevocable Trust, Lortex Trust, Bridal Elegance, and my personal account.

The material in the safety deposit box consists of jewelry and a coin collection. It is absurd to even suggest that a construction company would own this jewelry. The NLRB had gone through all the bank statements of the involved companies (this court allowed them to seize the records).

The jewelry and coins in the safety deposit box belongs to my son Colby Gormley Irish. The items were held in trust because my son was a minor. He just turned 18 on May 19, 2012

The items were put in trust for him in 2000 and additional items were added in 2006. I am attaching part of a trust agreement that shows that Colby Irish owns the items through Colby Trust.

Most of the items have been held in trust for my son Colby Gormley Irish since 2000 with a few additional items added in 2006. The NLRB has nothing that shows that the involved companies or other plaintiff owns the items in the safety deposit box, how arrogant of them to order the U.S. Marshals to sell the items without even establishing ownership. Look at the items on my exhibit, does it even make sense a bunch of old diamond rings & gold chains would be owned by a construction company? There is nothing showing the involved companies ever used company funds to buy such items. The IRS would never allow a construction company to use company funds to buy jewelry, coins, and sterling silver flatware.

EXHIBIT A

My 18 year old son is a college student at UNLV. I pray this court does not require him to get an attorney to establish his ownership through his trust. Being a college student he is of limited funds, I have no funds of my own to give him.

If this court does not think I have adequately established that my son owns the items in the safety deposit box through the trust, then I pray this court allows my son to hire an attorney to represent him in this matter. My son is an innocent party in this "mess". I pray that he does not get his property taken away by the NLRB. My son has several trusts, I knew the items in the safety deposit box has been put in one of his trusts. I got the paperwork from the NLRB requesting the U.S. Marshals sell my son's items, while I was in prison. I thought the items were in his Colby Gormley Irish Irrevocable Trust, but when I checked the paperwork I remembered the items were put in his Colby Trust and not his Colby Gormley Irish Irrevocable Trust.

Respectfully submitted this 15th day of October 2012

Lori Irish

1904 Redbird Crest Ln.

Las Vegas NV 89134

Certificate of Service

On October 15, 2012, I put a copy of motion postage prepaid to the following:

Barbara O'Neil

1099 14th St. N.W. Suite 10200

Washington DC 20005

## CERTIFICATE OF IRREVOCABLE TRUST

Contemporaneously with the execution of this certificate, the undersigned, LORI J. IRISH, a resident of Clark County, Nevada, has executed that certain document entitled the "COLBY TRUST" dated November 1, 2000, which provides in pertinent parts as follows:

I. **GRANTOR**: The Grantor under the terms of said Trust is Lori J. Irish

II. **TRUSTEE**: The Trustee under said Trust is LORI J. IRISH

III. **SUCCESSOR TRUSTEE**: Upon the death or incapacity of the original Trustee, FRANK PHILIP IRISH shall serve as the Successor Trustee hereunder

IV. **BENEFICIARIES**: The beneficiary under this Trust is COLBY GORMLEY IRISH

V. **POWERS OF TRUSTEE**

(a) To sell and exchange all kinds of Trust property, to grant options to purchase and execute contracts concerning trust property for such consideration and upon such condition and payment terms as the Trustee may determine

(b) To operate, improve or develop real estate; to construct, alter, raze, or repair buildings or structures on real estate; to partition, subdivide, dedicate to public use, grant easements or other rights with respect to or otherwise deal with real estate.

(c) To register any securities or other property held hereunder in the name of the Trustee or in the name of a nominee, with or without the addition of words indicating that such securities or other property are held in a fiduciary capacity, and to hold in bearer form any securities or other property held hereunder so that title thereto will pass by delivery, but the books and records of Trustee shall show that all such investments are part of his respective funds.

(d) To hold, manage, invest and account for the separate trusts in one or more consolidated funds, in whole or in part, as he may determine. As to each consolidated fund, the division into the various shares comprising such fund need be made only upon Trustee's books of account.

(e) To lease Trust property for terms within or beyond the term of the Trust and for any purpose, including exploration for and removal of gas, oil, and other minerals, and to enter into community oil leases, pooling and unitization agreements

(f) To borrow money, mortgage, pledge or lease Trust assets for whatever period of time Trustee shall determine, even beyond the expected term of the respective trust

(g) To hold and retain any property, real or personal, in the form in which the same may be at the time of the receipt thereof, as long as in the exercise of his discretion it may be advisable so to do, not withstanding same may not be of a character authorized by law for investment of trust funds.

(h) To invest and reinvest in his absolute discretion, and he shall not be restricted in his choice of investments to such investment as are permissible for fiduciaries under any present or future applicable law, notwithstanding that the same may constitute an interest in a partnership.

(i) To advance funds to any of the Trusts for any Trust purpose. The interest rate imposed for such advances shall not exceed the current rates.

(j) To institute, compromise, and defend any actions and proceedings.

(k) To vote, in person or by proxy, at corporate meetings any shares of stock in any Trust created herein, and to participate in or consent to any voting Trust, reorganization, dissolution, liquidation, merger, or other action affecting any such shares of stock or any corporation which has issues such shares of stock.

(l) To partition allot, and distribute, in undivided interest or in kind, or partly in money or partly in kind, and to sell such property as the

(t) The powers enumerated in NRS 163.265 to NRS 163,410, inclusive, are hereby incorporated herein to the extent they do not conflict with any other provisions of this instrument.

(u) The enumeration of certain powers of the Trustee shall not limit his general powers, subject always to the discharge of his fiduciary obligations, and being vested with and having all the rights, powers, and privileges which an absolute owner of the same property would have.

(v) The Trustee shall have the power to invest Trust assets in securities of every kind, including debt and equity securities, to buy and sell securities, to write covered securities options on recognized options exchanges, to buy-back covered securities options listed on such exchanges, to buy and sell listed securities options, individually and in combination, employing recognized investment techniques such as, but not limited to, spreads, straddles, and other documents, including margin and option agreements which may be required by securities brokerage firms in connection with the opening of accounts in which such option transactions will be effected.

(w) In regard to the operation of any closely held business of the Trust, the Trustee shall have the following powers:

   (1) The power to retain and continue the business engaged in by the Trust or to recapitalize, liquidate or sell the same.

   (2) The power to direct, control, supervise, manage or participate in the operation of the business and to determine the manner and degree of the fiduciary's active participation in the management of the business and to that end to delegate all or any part of the power to supervise, manage or operate the business to such person or persons as the fiduciary may select, including any individual who maybe a beneficiary or Trustee hereunder

   (3) The power to engage compensate and discharge, or as a stockholder owning the stock of the Corporation, to vote for the engagement, compensation and discharge of such managers, employees, agents, attorneys, accountants, consultants or other representatives, including anyone who may be a beneficiary

## ASSIGNMENT OF ASSETS

LORI J. IRISH, Trustor, hereby grants, transfers, assigns and delivers to LORI J. IRISH trustee of the Colby Trust.

> All jewelry, pictures, books, silverplate, linen, china, coin collections, glassware, objects of art, clothing, household furniture and furnishings, contents of safety deposit box, personal automobiles, motor homes, mobile homes, boats and other tangible article of personal property, together with any insurance on any other assets owned by the trust;

These assets, together with any other property which may become subject to this trust, including assets which require formal documents of transfer, shall constitute the trust estate of this trust and shall be held, administered and distributed by the trustee as provided in this trust. Trustor requests that any person dealing with the trustee recognize this assignment without any further documentation.

## LIST OF ASSETS ASSIGNED TO COLBY TRUST

Coin Collection, Gold Coins, Numerous Gold Chains, Diamond Necklaces, Diamond Bracelets, Diamond Earrings, Sapphire & Diamond Earrings, Gold Bracelets, Alexandrite Necklace, Lavender Jade Loose Stones, Lavender Jade Bracelet & Necklace, Diamond Rings, Loose Sapphire, Gold Wedding Bands, Ruby & Diamond Ring, Sapphire & Diamond Ring, Antique Cameo, Loose Emerald, Antique Ruby Watch, Antique Sapphire Diamond Broach, Antique Diamond & Emerald Earrings, Gold Coreum Watch, Sterling Silver Flatware, and other miscellaneous jewelry.

IN WITNESS WHEREOF, the Grantor has hereunto set her hand.

_____  11/1/2000
LORI J. IRISH

STATE OF NEVADA)
            ) SS.
COUNTY OF CLARK)

On, before me, the undersigned, a Notary Public in and for said County of Clark, State Of Nevada, personally appeared LORI J. IRISH, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same I her authorized capacity, and that by her signature on the instrument, the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

_____
NOTARY PUBLIC

APRIL L. YACKSYZN
Notary Public - Nevada
No. 96-2510-1
My appt. exp. Apr. 26, 2004